IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-808

**Christopher Porter and
BreeAnna Porter,**
             Plaintiffs,

v.

**T.J. Crowder and Sons, LLC,
and Farrel Crowder,**
             Defendants.

## ORIGINAL COMPLAINT

Plaintiffs Christopher Porter and BreeAnna Porter ("Plaintiffs"), by and through their attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint ("Complaint") against Defendants T.J. Crowder and Sons, LLC, and Farrel Crowder (collectively "Defendant" or "Defendants"), state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs lawful minimum wage for all hours worked and lawful overtime compensation for all hours worked in excess of forty hours per week.

2.     Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Overtime and Minimum Wage Order No. 37, 7 C.C.R. § 1103-01 ("CMWO").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

7. The witnesses to the wage violations herein reside in this District.

8. The records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

9. Plaintiff Christopher Porter ("Christopher") is an individual and resident of Yuma County.

10. Plaintiff BreeAnna Porter ("BreeAnna") is an individual and resident of Yuma County.

11. Separate Defendant T.J. Crowder and Sons, LLC ("T.J. Crowder"), is a domestic limited liability company.

12. T.J. Crowder's registered agent for service of process is Farrel Crowder, at 26874 CR 65, Iliff, Colorado 80736.

13. Separate Defendant Farrel Crowder ("Farrel Crowder") is an individual and resident of Colorado.

14. Defendant does business as Humalfa.

15. Defendants maintain a website at http://www.humalfa.com/.

### IV.   FACTUAL ALLEGATIONS

16. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Farrel Crowder is a principal, director, officer, and/or owner T.J. Crowder.

18. Farrel Crowder, in his role as an operating employer of T.J. Crowder, had the power to hire and fire Plaintiffs, often exercised supervisory authority over Plaintiffs' work, including the day-to-day job duties that Plaintiffs' job entailed, determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

19. Farrel Crowder took an active role in operating T.J. Crowder and in the management thereof

20. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

22. Defendant is an "employer" within the meanings set forth in the FLSA, the CMWO and the CWA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

23. Plaintiffs were employed by Defendant within the three years preceding the filing of this Complaint.

24. Christopher was employed by Defendant from 2007 until February of 2022 as an hourly-paid employee, and since approximately 2019 as a Production Manager.

25. BreeAnna was employed by Defendant from 2019 until February of 2022, although upon information and belief she was formally hired by Defendant and placed on Defendant's payroll in December of 2021 as an hourly-paid Manure Hauler.

26. At all relevant times herein, Defendant directly hired Plaintiffs to work on its behalf, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. At all material times herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

28. Defendant paid Plaintiffs an hourly rate and classified them as exempt from the overtime requirements of the FLSA.

29. When Defendant paid Plaintiffs for hours worked over 40 in a week, Defendant paid them their regular hourly rate without including an overtime premium.

30. Plaintiffs were regularly required to perform work off the clock which went unrecorded (for the purpose of calculating their pay) and uncompensated.

31. Plaintiffs recorded their time on paper and then texted their time to Defendant's secretary.

32. Defendant's secretary regularly submitted fewer hours for payment than Plaintiffs submitted to her, thereby reducing the hours for which they were compensated.

33. Christopher was regularly required to perform work in the evenings, nights or weekends. For example, Christopher's supervisor, Casey Scott regularly required him to drive by Defendant's lot to check on security, as well as to assist drivers who broke down or ran out of fuel.

34. Mr. Scott instructed Christopher not to record all of his time spent working in the evenings, nights and weekends. If Christopher recorded his time anyway and submitted it to Defendant's secretary, Mr. Scott instructed the secretary not to include the time in Christopher's pay.

35. Additionally, Defendant regularly deducted thirty minutes to an hour from Plaintiffs' time to account for lunch, even when Plaintiffs either took no lunch or only a short lunch.

36. Defendant formally hired BreeAnna in December of 2021, but informally and sporadically paid BreeAnna for work she performed starting in 2019.

37. Beginning in 2019, BreeAnna's duties included assisting customers, performing maintenance on Defendant's equipment, cleaning, painting. and Defendant did not track her time until she was formally hired. During this time, BreeAnna worked many hours which went unrecorded and uncompensated.

38. BreeAnna regularly met with Farrel Crowder and reported on the work she performed, both before and after she was formally hired.

39. Defendant failed to pay Plaintiffs for all hours worked.

40. Defendant did not pay Plaintiffs an overtime premium of 1.5x their regular hourly rate for all hours worked in excess of 40 each week.

41. Defendant knew or should have known that it was not paying Plaintiffs sufficient wages.

42. During most of Plaintiffs' shifts, Defendant failed to provide Plaintiffs with compensated rest breaks of at least ten minutes for each four-hour period worked.

43. The CMWO states that employees are entitled to 10-minute compensated rest periods for each 4 hours of work. When employees are not permitted these breaks, their shift "is effectively extended by 10 minutes without compensation. . . . Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages[.]" *See* CMWO, Rule 5.2.4.

44. Defendant failed to pay Plaintiffs for their last 1 to 2 weeks of work, thereby failing to pay them a sufficient minimum wage for that time period.

45. Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs violated the FLSA, the CWA and the CMWO.

## VI.   FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of the FLSA)**

46. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

48. Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

49. Defendant failed to pay Plaintiffs an overtime rate of 1.5 times their regular rate of pay for all hours worked over 40 per week, despite their entitlement thereto.

50. Defendant failed to pay Plaintiffs a minimum wage for all hours worked.

51. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint.

53. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Individual Claims for Violations of CWA, C.R.S. § 8-4-101, *et seq.,* and CMWO, 7 C.C.R. § 1103-1)

55. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiffs regularly worked more than forty hours per week.

57. Defendant failed to properly pay Plaintiffs overtime wages at a rate of not less than 1.5 times their regular rate of pay for all hours worked over 40 each week.

58. Defendant failed to permit Plaintiffs 10-minute compensated rest breaks as required by Rule 5 of the CMWO, and therefore owes Plaintiffs wages for each shift in which they were not allowed to take the required rest breaks.

59. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

60. Because Defendant willfully violated the CWA and CMWO, a three-year statute of limitations shall apply to such violations.

61. As a result of Defendant's policies and practices described above, Plaintiffs were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Christopher Porter and BreeAnna Porter respectfully pray that each Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiffs are lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G. An order directing Defendant to pay Plaintiffs and the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS CHRISTOPHER PORTER and BREEANNA PORTER**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com