IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-808

Christopher Porter and
BreeAnna Porter,
        Plaintiffs,

v.

T.J. Crowder and Sons, LLC, and
Farrel Crowder,
        Defendants.

## AFFIDAVIT OF FARREL CROWDER

I, Farrel Crowder, do hereby swear and affirm as follows:

1. I am the President, owner, and CEO of Plaintiff, T.J. Crowder and Sons, LLC which owns Humalfa LLC (collectively "TJC").
2. TJC converts raw manure into organic fertilizer that offers long-term benefits to the soil by processing and gathering the manure at feed lots in Colorado.
3. TJC stabilizes the beef manure left in the feed lots by composting in a proprietary process that promotes microbial activity and stabilizes organic matter.
4. TJC processes the manure on the cattle feed lots after it is left by cattle on the farms where the cattle are raised and ships it to its main facility to be turned into fertilizer.
5. Plaintiffs Christopher Porter ("Christopher") and BreeAnna Porter ("BreeAnna") (or collectively "Plaintiffs") were residents of Yuma County.
6. Christopher was employed by TJC from 2007 until February of 2022 as an hourly-paid employee, and since approximately 2019 as a Production Manager in the role of overseeing the processing of manure on cattle feed lots preparing it for shipment to the TJC main facility.
7. BreeAnna was employed by TJC and placed on TJC's payroll in December of 2021 as an hourly-paid employee that assisted in the processing of manure on feed lots. Prior to that

point in time, she had never turned in hours as having worked for TJC even though she turned in hours on behalf of her husband Christopher.

8. Prior to BreeAnna being hired as an employee, she accompanied her husband to his job but did no work that could be compensated for and never reported hours that she worked.

9. TJC paid Plaintiffs for hours worked over 40 in a week but paid them their regular hourly rate without including an overtime premium because they were "agricultural workers" that before January 1, 2023, were not entitled to overtime in Colorado.

10. Christopher worked on feed lots far from the TJC office as did BreeAnna once she started working. They both were unsupervised as far as the jobs they performed processing the manure.

11. As a result, Breanna recorded Christopher's time when he worked by texting his time to TJC's accounting department. When BreeAnna started working, she texted her time and Christopher's time to the TJC accounting department.

12. Because BreeAnna recorded Christopher's time and her time once she started working in this manner, they were solely responsible for getting paid for the time they reported that they had worked. At all times, BreeAnna was the one who texted the hours for Christopher tol get paid and later her.

13. TJC's accounting department was run by Heather Day. Plaintiffs regularly submitted hours for payment and no reduction in hours was ever calculated because Plaintiffs reported their own hours by text.

14. Whenever Christopher was required to perform work in the evenings, nights or weekends or drive by TJC's lot to check on security or assist drivers who broke down or ran out of fuel, they were compensated if they reported the hours to TJC because Plaintiffs reported their own hours.

15. TJC never deducted from Plaintiffs' time to account for lunch, because Plaintiffs worked unsupervised and reported their own hours by text.

16. BreeAnna rarely met with me because it was not necessary for me to visit the feed lots. Because the Porters self-reported their hours and reported them to the TJC office, if they reported hours, the Porters got paid.

Further Affiant Sayeth Naught.

_____
Farrel Crowder

STATE OF COLORADO

COUNTY OF LOGAN

      PERSONALLY appeared before me, Farrel Crowder, who acknowledged that he executed, signed and delivered the above and foregoing Affidavit on the day and year therein shown.

      GIVEN UNDER MY HAND AND OFFICIAL SEAL, this the ____5th____ day of ____April____, 2023.

_____
NOTARY PUBLIC

MICHAEL J. DAVIS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204018844
MY COMMISSION EXPIRES 05/29/2024