IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-808

Christopher Porter and
BreeAnna Porter,
        Plaintiffs,

v.

T.J. Crowder and Sons, LLC, and
Farrel Crowder,
        Defendants.

## AFFIDAVIT OF HEATHER DAY

I, Heather Day, do hereby swear and affirm as follows:

1. I am head of the accounting department for T.J. Crowder and Sons, LLC which runs payroll for workers who assist in the work performed to create products for Humalfa LLC (collectively "TJC").
2. Plaintiffs Christopher Porter ("Christopher") and BreeAnna Porter ("BreeAnna") (or collectively "Plaintiffs") were residents of Yuma County.
3. Christopher was employed by TJC from 2007 until February of 2022 as an hourly-paid employee, and since approximately 2019 as a Production Manager in the role of overseeing the processing of manure on cattle feed lots preparing it for shipment to the TJC main facility.
4. BreeAnna was employed by TJC and placed on TJC's payroll in December of 2021 as an hourly-paid employee that assisted in the processing of manure on feed lots. Prior to that point in time, she had never turned in hours as having worked for TJC despite the fact that she turned in hours on behalf of her husband Christopher.
5. Prior to BreeAnna being hired as an employee, she never reported hours that she worked.
6. TJC paid Plaintiffs for hours worked over 40 in a week but paid them their regular hourly rate without including an overtime premium because they were designated as "agricultural workers" that before January 1, 2023, were not entitled to overtime in Colorado.

7. Christopher and BreeAnna both were unsupervised as far as the jobs they performed processing the manure on feed lots.

8. As a result, Breanna recorded Christopher's time when he worked by texting his time to me. When BreeAnna started working, she texted her time and Christopher's time to me.

9. Because BreeAnna recorded Christopher's time and her time once she started working in this manner, they were solely responsible for getting paid for the time they reported that they had worked. At all times, BreeAnna was the one who texted the hours for Christopher to get paid and later for her to get paid.

10. Plaintiffs regularly submitted hours for payment and I never made any reduction in hours because Plaintiffs reported their own hours by text and they worked unsupervised.

11. Whenever Christopher was required to perform work in the evenings, nights or weekends or drive by TJC's lot to check on security or assist drivers who broke down or ran out of fuel, they were compensated if they reported the hours to me because Plaintiffs reported their own hours. I never made any distinction in terms of the type of work they did for payment purposes but only paid pursuant to the hours submitted.

12. I never deducted any time from Plaintiffs' to account for lunch, because Plaintiffs worked unsupervised and reported their own hours by text.

13. Farrel Crowder rarely visited the feed lots. Because the Plaintiffs self-reported their hours and reported them to me, if they reported hours, they got paid.

Further Affiant Sayeth Naught.

_____
Heather Day

STATE OF COLORADO
COUNTY OF LOGAN

    PERSONALLY appeared before me, Heather Day, who acknowledged that he executed, signed and delivered the above and foregoing Affidavit on the day and year therein shown.

    GIVEN UNDER MY HAND AND OFFICIAL SEAL, this the 5th day of April, 2023.

_____

MICHAEL J. DAVIS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204018844
MY COMMISSION EXPIRES 05/29/2024