# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **CHRISTOPHER PORTER and BREEANNA PORTER,**<br><br>Plaintiffs,<br><br>v.<br><br>**T.J. CROWDER AND SONS, LLC, and FARREL CROWDER,**<br><br>Defendants. | Civil Action No.: 1:22-cv-808-STV |

## FINAL PRETRIAL ORDER

### 1. DATE AND APPEARANCES

The Final Pretrial Conference occurred on June 7, 2023. The counsel below attended the Final Pretrial Conference:

For Plaintiff:

Josh Sanford, Esq.
Sanford Law Firm, PLLC
Kirkpatick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 904-1656
Attorney for Plaintiffs

For Defendants

Michael J. Davis, Esq.
Davis Murray Law Firm, LLC
1001 Bannock Street Ste. 133
Denver, Colorado 80206
(720) 361-6036
Attorney for Defendants

### 2. JURISDICTION

**Plaintiffs' Position:** This Court has subject-matter jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.* The Court has supplemental jurisdiction over Plaintiffs' claims under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1

("CMWO") because these state law claims form part of the same case or controversy as the FLSA claims pursuant to 28 U.S.C. §1367(a).

The Court has personal jurisdiction over Defendants because Separate Defendant T.J. Crowder and Sons, LLC, (a) is a resident of, and is licensed to transact and does transact business in, this District; and (b) has carried out the conduct underlying this Action in this District. Separate Defendant Farrel Crowder is also an individual and resident of Colorado, and took an active role in operating T.J. Crowder and Sons, LLC, as a principal, director, officer, and/or owner. Furthermore, venue is proper in this District, as the witnesses to the wage violation reside in this District and records related to the payroll practices challenged in Plaintiffs' complaint are located in this District.

**Defendants' Position:** Defendants admit that this Court has jurisdiction over the subject matter of Plaintiffs' FLSA claim, as it raises a federal question.  Defendants have also admitted that this Court has jurisdiction over the CWO and CMWO claims alleged in Plaintiffs' complaint.

### 3.  CLAIMS AND DEFENSES

**a. Plaintiffs**

During each of the three years preceding the filing of this Complaint, Defendant has employed two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel. Defendant's gross volume of sales or business done is not less than $500,000.00 for each of the three years prior to filing this complaint. Defendants have

been "employers" under the FLSA, CWA, and CWMO, therefore Plaintiffs were entitled to their protections and benefits.

Plaintiffs were employed by Defendants in positions that are not exempt from overtime payments under the FLSA, CWA, and CMWO. Plaintiff Christopher Porter ("Christopher") was employed by Defendants as an hourly employee from 2007 until February of 2022, and a Production Manager from approximately 2019. His duties required him to regularly perform work in the evening, nights, or weekends, such as assisting drivers who have broken down and checking on the security of Defendant's lot by driving by. However, Christopher was instructed not to record all of his time spent working in the evenings, nights, and weekends. If Christopher recorded this time, the secretary was instructed not to include the time in Christopher's pay.

Plaintiff BreeAnna Porter ("BreeAnna") was employed by Defendants formally in 2021 as an hourly paid Manure Hauler, however Defendants sporadically and informally paid her beginning in 2019. BreeAnna's primary duties included assisting customers, performing maintenance on Defendants' equipment, cleaning, and painting. BreeAnna's time was not tracked by Defendants' until she was formally hired, causing hours worked by BreeAnna to go unrecorded and uncompensated. Defendants also had a practice of deducting 30 minutes to an hour from Plaintiffs' time to account for lunch, even when Plaintiffs did not take a lunch or took a short lunch, nor did Defendants give Plaintiffs' a compensated 10-minute break for every four hours worked. Upon Plaintiffs dissolution of employment with Defendants, Defendants failed to compensate Plaintiffs for their last 1-2 weeks of work.

Defendants misclassified Plaintiffs as exempt from overtime payments under the FLSA, CWA, and CMWO and directed Plaintiffs to work in excess of 40 hours in one or more workweeks without overtime pay at 1.5 times their regular rate of pay. Plaintiffs were also required to perform off the clock work, which went unrecorded and uncompensated, and were

required to perform work during their last 1-2 weeks of employment that went completely uncompensated. Furthermore, Defendants violated Plaintiffs protections under CMWO Rule 5.4.2by not providing a 10-minute compensated break for every four hours of work. Accordingly, Defendant has violated both federal and Colorado wage laws. Defendants' failure was not committed in good faith, either subjectively or objectively.

**b. Defendants**

Defendants T.J. Crowder and Sons, LLC, and Mr. Farrel Crowder deny the claims that Plaintiffs have alleged in this action. Defendants both properly paid and classified Plaintiffs as hourly employees as applicable during the time they were employed. Defendants find that any discrepancy in Plaintiffs pay compared to Plaintiffs hours worked are a result of Plaintiffs' own failure to properly submit correct hours.

### 4. STIPULATIONS

The Parties have not entered into any stipulations at this time.

### 5. PENDING MOTIONS

Defendants' Motion for Summary Judgment is pending at this time.

### 6. WITNESSES

Plaintiff anticipates calling the following non-expert witnesses:

A. Intends to call:

1. Plaintiff Christopher Porter, who is able to testify about his allegations against Defendant, his answers and responses provided in discovery, and the circumstances and terms of his employment.

2. Plaintiff BreeAnna Porter, who is able to testify about her allegations against Defendant, her answers and responses provided in discovery, and the circumstances and terms of her employment.

    3. The custodian of time and pay records for T.J. Crowder and Sons, LLC.

    4. Any witness identified by Defendants as a will-call witness.

  B. May call: NA

Defendant anticipates calling the following non-expert witnesses:

  A. Intends to call:

    1. Farrel Crowder

    2. Heather Day

    3. Casey Scott

  B. May call: NA

## 7. EXHIBITS

**Plaintiff anticipates offering the following exhibits:**

1. Plaintiff's Earnings Statements dated 12/2019 to 5/2021

2. Calculation of Plaintiffs' Damages

3. Any document listed by Defendants.

4. All documents and exhibits identified by any party in this litigation.

5. Any document or exhibit necessary for impeachment or rebuttal.

**Defendant anticipates offering the following exhibits:**

  1. T.J. Crowder and Sons Employee handbook.

  2. Text Messages from Defendants to Plaintiff regarding hours worked.

  3. Payroll records of Chris Porter

  4. Payroll records of Chris Porter 7-16

    b. Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after

the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

a. The parties have exchanged settlement offers by email as recently as March 13, 2023

b. N/A.

c. Defendants were promptly informed of all offers of settlement.

d. Counsel for the parties intend to hold future settlement conferences.

e. It appears from the discussion of counsel that there is some possibility of settlement.

f. Counsel for both parties considered ADR before trial in accordance with D.C.COLO.LCivR. 16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the FRCP.  Counsel have discussed it with the clients against whom claims are made.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

*1. The trial will be to a jury and the court.*

*2. The Parties anticipate that the trial would last approximately two days.*

*3. The trial will be held in the United States District Court for the District of Colorado.*

4. [any other orders pertinent to the trial proceeding]

Trial is set to commence on : February 26, 2024

DATED at Denver, Colorado, this 7th day of June, 2023.

BY THE COURT

Hon. Scott T. Verholak
United States Magistrate Judge

APPROVED:

/s/ *Josh Sanford*
Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
T: (501) 221-0088
F: (888) 787-2040
josh@sanfordlawfirm.com
*Attorney for Plaintiffs*

/*s*/Michael J. Davis
Michael J. Davis
DAVIS MURRAY LAW, LLC
2255 Sheridan Blvd.
Unit C272
Edgewater, Co. 80214
T: (720) 361-6036
F: (720) 368-5262
mdavis@davismurraylaw.com
*Attorney for Defendants*