**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-808-STV

**Christopher Porter and
BreaAnna Porter,**
        Plaintiffs,

v.

**T.J. Crowder and Sons, LLC,
and Farrel Crowder**
        Defendants.

---

### PLAINTIFFS' RESPONSE TO DEFENDANTS' POST TRIAL BRIEF
---

Defendants' Post Trial Brief (ECF No. 53) reaches erroneous conclusions supported by misstatements of barely relevant law. Defendants' entire argument can be summarized as the "varied and increasingly desperate means by which Defendant Crowder may not be considered Plaintiff's employer," but the question of Defendant Crowder's employment status is not before the Court. Using entirely circular logic, Defendants claim that Plaintiff was not an employee because she was never employed based on rambling observations with no basis in relevant law.

The FLSA is clear that an employer *must* compensate employees for labor performed for the employer's benefit with the employer's knowledge regardless of any technical deficiencies in the employee's employment status. Thus, if Plaintiff performed work for Defendants with Defendants' knowledge and Defendants took no steps to stop that work, Defendants must pay Plaintiff for the work. The sole question is whether and when Defendants were aware, either actually or constructively, that Plaintiff was performing work for their benefit without compensation.

**A.     Plaintiff's relationship with Defendants meets the FLSA definition of "employment.**

At the outset, it is worth noting that Defendants' arguments concern employer status of Individual Defendant Farrel Crowder exclusively, which is a tacit admission that Corporate Defendant T.J. Crowder and Sons, LLC, was Plaintiff's employer. Thus, again, the only real question remaining is when Defendant T.J. Crowder and Sons became aware of Plaintiff's work, which is answered by determining when Defendant Crowder became aware or could have become aware through reasonable inquiry. The entire question of employment status is a red herring. Regardless, Plaintiff was both Defendants' employee and is owed due wages for her work performed.

Defendants admit that the FLSA provides for a broad definition of employment, but cite to out-of-Circuit and irrelevant case law to support an argument wholly unrelated to the Court's questions presented for post-trial briefing. Rather than address the particulars surrounding Defendant Crowder's knowledge of the work Plaintiff was performing, Defendants claim Defendant Crowder was not Plaintiff's employer at all. In support of this argument, Defendants outline one singular factor of the Second Circuit's economic reality test and claim that because Defendant Crowder was not on-site directing Plaintiff's work, he exercised no control over Plaintiff's work. This piecemeal approach to relevant law adequately addresses neither the facts at issue in this case nor the Court's post trial questions to the parties.

This Circuit uses the following factors in evaluating whether an employment relationship exists:

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence

>of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

*Merrill v. Harris*, No. 21-1295, 2022 WL 3696669, at *5 (10th Cir. Aug. 26, 2022) (quoting *Baker v. Flint Engr. & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998)). The Tenth Circuit makes it clear that the test is "based upon a totality of the circumstances" rather than any single factor. *Id.* (quoting *Dole v. Snell*, 875 F.2d 802, 805 (10th Cir. 1989)). "Ultimately, the 'economic realities of the relationship govern, and the focal point is whether the individual is economically dependent on the business to which he renders service or is, as a matter of economic fact, in business for himself.'" *Id.* (quoting *Baker*, 137 F.3d at 1440) (internal quotations and alterations omitted).

When evaluating the economic realities test, courts in the Tenth Circuit "must 'make findings of historical facts surrounding the individual's work,'" then "'drawing inferences from the findings of historical facts, the court must make factual findings with respect to' the six *Baker* factors." *Merrill*, 2022 WL 3696669, at *5 (quoting *Baker*, 137 F.3d at 1440). Then, the Court must employ these findings of fact and "decide, as a matter of law, whether the individual is an 'employee' under the FLSA." *Id.* (quoting *Baker*, 137 F.3d at 1440).

Regardless of the Tenth Circuit's requirement that the *Baker* factors be considered as a whole, Defendants hang their argument on one single factor: Defendants argue that Defendant Crowder did not exercise control over Plaintiff's work because "[h]e wasn't even aware she was opening and closing gates, picking up rocks, or running errands." Resp., p. 5. To begin with, an employer is not required to be physically present or direct an employee's every task to exert control over an employee's work. Further, Defendants'

argument that Plaintiff was merely working for her own benefit falls apart under closer scrutiny. Defendants tacitly admit that Defendant Crowder was at least constructively aware that Plaintiff was performing labor for Defendants' benefit because according to Defendants, Plaintiff specifically asked to be employed and Defendant Crowder responded that he would hire her "once she could drive the equipment." Resp., p. 3. Thus, Plaintiff's attempt to "prove herself so she could become an employee" was at the direct instruction of Defendant Crowder. Resp., p. 5.

Although difficult to parse, Defendants next appear to argue that Defendant Crowder was not Plaintiff's employer because Plaintiff did not fill out the appropriate payroll paperwork for rehire, despite having previously filled out the same paperwork for her earlier employment with Defendants. *See* Resp., p. 6. Whether an employee has completed paperwork is not one of the *Baker* factors, except to the extent that an employer may or may not have some employment records if there is no paperwork completed. Regardless of the employee's completion of paperwork, however, the FLSA is clear that the burden to maintain records falls on the employer, and that burden includes the obligation to keep proper time records for individuals performing labor on the employer's behalf. 29 U.S.C. § 211. Thus, it was *Defendants'* obligation to ensure the paperwork was completed at the moment Defendant Crowder became aware that Plaintiff was performing work. Further, an employee's failure to complete paperwork does not excuse an employer from paying that employee due compensation for work performed. *See generally*, Col. Rev. Stat. Ann. § 8-4-109 (requiring employers to promptly remit an employee's final paycheck).

Defendants later argue that the tax implications of Plaintiff's pay or lack thereof show that she was never Defendant Crowder's employee. Aside from the obvious fact that Plaintiff could not pay taxes on wages she did not receive, Defendants' arguments are utterly incomprehensible. Whether and how and when Plaintiff paid taxes is irrelevant to her employment status under the FLSA, which applies a broad definition of employment specifically to capture employment relationships that may or may not be covered by the IRS or other common law definitions. *See, e.g.*, *Razak v. Uber Techs., Inc.*, No. CV 16-573, 2024 WL 2831805, at *14 (E.D. Pa. June 4, 2024) (noting that courts do not use IRS or other agency definitions of "employer" when determining employment status under the FLSA because of the FLSA's broader definition of employment).

Defendants admit that Defendant Crowder had the power to hire and fire Plaintiff, admit that he kept some records of her earlier employment, admit that Defendant Crowder was aware Plaintiff wanted to be employed and was seeking employment by performing labor to "prove herself," and admit that it was Defendant Crowder who made the decision not to pay Plaintiff for the work she performed. By Defendants' own standard, Defendant Crowder was Plaintiff's employer and is liable for back wages for the work Plaintiff performed. The only remaining question is the extent of the liability.

**B.     Plaintiff may use her best recollection to establish hours worked.**

Plaintiff agrees with Defendants' arguments regarding how Plaintiff may establish her hours worked when Defendants did not keep accurate records. The only difference between Plaintiff's argument and Defendants' is that Defendants assert Plaintiff's testimony is irrelevant because she was never employed. For all the reasons stated in Section A, *infra*, and Plaintiff's Post-Trial Brief, Plaintiff was Defendants' employee from

the moment Defendant Crowder became aware that she was performing labor for Defendants' benefit and took no steps to stop that work.

**C.     Conclusion**

Defendants' Proposed Findings of Fact and Conclusions of Law do not provide the Court with answers to its submitted questions. Instead, Defendants make a feeble attempt at redirection to argue an already settled legal conclusion. Plaintiff was Defendants' employee because Plaintiff performed work for Defendants that Defendants were aware of and took no measures to stop. Liability for paying wages attached at the moment Defendant Crowder became aware of Plaintiff's work or could have become aware of the work through reasonable inquiry. And finally, Plaintiff may establish back wages owed using her best recollection by a just and reasonable inference.

Respectfully submitted,

**PLAINTIFFS CHRISTOPHER PORTER and BREEANNA PORTER**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com